### COUPRY'S HEIRS vs. DUFAU.

Oral evidence may be received to show, that no consideration was received by the drawer of a bill of exchange. Judgment cannot be given for a defendant, for a balance which may appear due him, unless specially claimed in the answer.

APPEAL from the court of the first district.

MARTIN, J. delivered the opinion of the court. The defendant, sued on a bill of exchange, which the petition stated to have been by him delivered to the plaintiff's ancestor, and which was duly presented, answered that he had received from the latter a quantity of indigo, which he undertook to ship to France, and for which, he undertook to pay, on the safe arrival of it; and accordingly drew the bill, on which the suit is brought, to cover the value of the indigo at the price

agreed on, and a sum of money, which was at the time paid him—that the plaintiffs' ancestor faithfully promised, not to present the bill, nor demand the amount of it, if the indigo did not arrive—that through events, without the defendant's controul, the indigo never reached France, but was brought to New-Orleans—that nevertheless the plaintiffs' ancestor, unmindful of, or disregarding his promise, presented the bill and had it protested, but was, however, paid a sum of money exceeding the amount of the money received and the nett proceeds of the indigo sold by the defendant; so that, instead of being a creditor, he is a debtor of the defendant.

The district court was of opinion, that the evidence satisfactorily established the fact, that the bill of exchange, on which the suit is brought, was drawn by the defendant as the mere agent of Coupry, and that he received no consideration for it whatever, and gave judgment against the plaintiffs, who appealed.

A bill of exceptions comes up with the record, taken by the plaintiffs' counsel, on the court overruling his objection to the introduction of parol proof to establish, that no consideration was received by the defendant, be-

East'n District.
*March*, 1823.

COUPRY'S
HEIRS
*vs.*
DUFAU.

yond the amount received by the plaintiffs' ancestor, from the person on whom the bill was drawn.

It appears to us the district judge did not err in receiving the testimony.—6 *Mass. Rep.* 440; 2 *Caines,* 246; *Phillips Evidence,* 433, note B; 1 *L'Oiseau* & *Dupin, Arrets modernes,* 129, art. 9; 8 *Denevers, Journal des audiences,* 299 & 302; *Kydd on bills,* 61, 3 *Febrero, addicionado, Appx. to ch.* 18, *n.* 13; *Recop. de cast.* 5, 18, 13; *Krumbhaar* vs. *Ludeling,* 3 *Martin,* 640.

On the closest examination of the evidence, we cannot discover, that the district judge formed a wrong conclusion on the question of fact.

The defendant and appellee, in his answer to the petition of appeal, after denying that there is any error to the disadvantage of the plaintiffs, has urged, that there is one to his own—the judge having refused to give a judgment in his, the defendant's, favour, for a balance which he alledges, clearly appears due to him—a duty which, the counsel insists, was incumbent on the judge, under the late act of the legislature of the state, relating to set offs.

The answer does not admit any debt, against

which a set-off might be made.   It concludes East'n District.
*March*, 1823. with no prayer, that any set-off be allowed, much less that judgment be given in the defendant's favour.   The only prayer is, that the petition be dismissed with costs.   This is what was asked, and it was granted.

COUPRY'S
HEIRS
*vs*
DUFAU.

It is therefore ordered, adjudged and decreed that the judgment be affirmed with costs.

*Morel* for the plaintiffs, *Mazureau* for the defendant.